# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| TANNER W. FORD, *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:21-cv-00502-O-BP** |
| | § | |
| PS FUNDING, INC., | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiffs' Motion for Dismissal With Prejudice filed on June 4, 2021 in which Plaintiffs move to dismiss their case against Defendant with prejudice and with all parties to bear their own costs. ECF No. 10. By order dated June 8, 2021, the Court ordered Defendant to respond to the Motion. ECF No. 11. Defendant did so on June 11, 2021, indicating that it does not oppose Plaintiffs' Motion. ECF No. 12. Accordingly, after considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion for Dismissal With Prejudice (ECF No. 10), enter an order under Federal Rule of Civil Procedure 41(a) **DISMISSING WITH PREJUDICE** Plaintiffs' claims against Defendant, and order that all costs of court and attorneys' fees be borne by the party incurring them.

Federal Rule of Civil Procedure 41(a) provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Defendant answered Plaintiffs' Original Petition on March 29, 2021, before removing the case from the 29th Judicial District Court of Palo Pinto, Texas to this Court. ECF No. 1-3 at 16-17. Accordingly, voluntary

dismissal is permitted only under Rule 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(a)(ii), (a)(2).

Plaintiffs have not filed a stipulation of dismissal signed by Defendant and them. However, a formal written stipulation of dismissal is not required if the evidence is "unequivocal and in the record to satisfy the patent purpose of the requirement—to avoid later dispute." *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 8116145, at *3 (N.D. Tex. Dec. 15, 2016) (quoting *Ocean Drilling & Expl. Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 218 (5th Cir. 1986)), *rec. adopted*, No. 3:16-cv-1554-N-BN, 2017 WL 395166 (N.D. Tex. Jan. 27, 2017). Defendant does not oppose the Motion to Dismiss. *See* ECF No. 12. Plaintiffs' Motion to Dismiss (ECF No. 10) and Defendant's Notice of Non-Opposition (ECF No. 12) unequivocally evidence the parties' intent to terminate the instant case with prejudice under Federal Rule of Civil Procedure 41(a)(1)(a)(ii).

Alternatively, Federal Rule of Civil Procedure 41(a)(2) allows dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." Whether to dismiss a case pursuant to Rule 41(a)(2) is within the sound discretion of the court. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). The undersigned concludes that Plaintiff's Motion to Dismiss should be granted under Rule 41(a)(2) because the case was filed within the last six months, no scheduling order has been entered, and the parties have expressed a mutual desire to terminate the matter with prejudice.

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiffs' Motion for Dismissal With Prejudice (ECF No. 10), enter an order under Federal Rule of Civil Procedure 41(a) **DISMISSING WITH PREJUDICE** Plaintiffs' claims

against Defendant, and order that all costs of court and attorneys' fees be borne by the party incurring them.

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on June 14, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE